IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 4:17CR39 |
| v. | § § | Judge Mazzant |
| CAMERON OCION AJIDUAH (4) | § § | |

## PLEA AGREEMENT

The defendant, **Cameron Ocion Ajiduah**, the defendant's attorney, **Don Bailey**, and the United States Attorney for the Eastern District of Texas and the Acting Assistant Attorney General for the Civil Rights Division of the Department of Justice agree to the following, pursuant to **Fed. R. Crim. P. 11(c)(1)(C)**:

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count Six of the First Superseding Indictment, which charges violations of 18 U.S.C. § 249(a)(2), Hate Crimes Acts and § 2 (Aiding and Abetting). The defendant understands the nature and elements of the crime

to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE**: The maximum penalties the Court can impose include:

   a. imprisonment for any term of years or life;

   b. a fine permitted under this title, or both;

   c. a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   e. forfeiture of property involved in or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**: The parties agree that the following stipulations yield the appropriate sentence in this case:

   a. The defendant will be sentenced to a term of imprisonment for fifteen years.

   b. The defendant will receive a five year term of supervised release.

   c. The defendant will pay the mandatory special assessment of $100.00 at or prior to the sentencing hearing.

   d. The Court will determine and impose any fine or restitution deemed appropriate.

The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5. **RESTITUTION**: The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

6. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas and the Acting Assistant Attorney General for the Civil Rights Division agree not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

7. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all

offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

8. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

9. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

10. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

11. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory

explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

12. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and the Civil Rights Division and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

13. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOSEPH D. BROWN  
UNITED STATES ATTORNEY

T.E. WHEELER, II  
ACTING ASST. ATTORNEY GENERAL

Dated: 4.13.18

TRACEY M. BATSON  
Assistant United States Attorney  
SAEED A. MODY  
Trial Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 4/12/18

CAMERON OCION AJIDUAH  
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 4/12/18

DON BAILEY  
Attorney for Defendant

Plea Agreement  
Page 6